DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, Lyle Witherall, appeals from the trial court's judgment in favor of appellee-plaintiff, Jerry Ihle. In this entry, the trial court adopted the magistrate's decision, overruled Mr. Witherall's objections, and entered judgment in favor of Mr. Ihle. We affirm.
Mr. Ihle filed a complaint in replevin and for an order of possession against Mr. Witherall, d.b.a. Witherall's Garage, regarding an automobile. Mr. Witherall filed a counterclaim to recover for towing and storage expenses of the automobile. The magistrate recommended a judgment in favor of Mr. Ihle and against Mr. Witherall. Mr. Witherall filed objections to the magistrate's report on December 19, 1997. On January 2, 1998, the trial court issued its judgment that adopted the magistrate's report, overruled Mr. Witherall's objections, and entered judgment against Mr. Witherall in the sum of $7,998.00 plus ten percent statutory interest.
On January 29, 1998, Mr. Witherall timely filed his notice of appeal and a statement in lieu of a transcript of the proceedings. We have consolidated several of his assignments of error for ease of discussion.
ASSIGNMENT OF ERROR I
 The magistrate erroneously applied O.R.C. 4513.60 et seq. as the procedure which [Mr. Witherall] should have followed.
ASSIGNMENT OF ERROR II
 The magistrate erroneously interpreted O.R.C. 4505.101 as requiring [Mr. Witherall] to provide notice after the vehicle in question was unclaimed for fifteen days.
ASSIGNMENT OF ERROR III
 The magistrate erred in finding that [Mr. Witherall] was entitled to only four days [of] storage.
ASSIGNMENT OF ERROR IV
 The magistrate erred in finding that [Mr. Witherall] was not entitled to storage fees on the Corvette motor vehicle.
ASSIGNMENT OF ERROR V
 The magistrate inappropriately and improperly applied O.R.C. 1317.071 to the facts at issue.
ASSIGNMENT OF ERROR VI
 The magistrate's finding that the fair market value of [Mr. Ihle's] Corvette on March 3, 1996[,] was $8,500.00 was manifestly against the weight of the evidence and unsupported by testimony.
ASSIGNMENT OF ERROR IX
 The decision of the magistrate was manifestly against the weight of the evidence.
Mr. Witherall's first six assignments or error and ninth assignment of error relate to the evidence that was before the magistrate and how the trial court erred in adopting the magistrate's report and overruling his objections to the magistrate's report.
In this case, Mr. Witherall has not filed a proper App.R. 9(C) or 9(D) statement because his statement was not approved by the trial court. See App.R. 9(C) and (D); Loc.R. 5(A) (2) (a). This court has concluded that we must presume the validity of and affirm a trial court's decision in light of an improper record.State v. Kirby (Aug. 21, 1991), Summit App. No. 15057, unreported, at 3; Stonerock v.Copley-Fairlawn City School Dist. (Mar. 20, 1985), Summit App. No. 11676, unreported, at 2-3. Accordingly, Mr. Witherall's first six assignments of error and ninth assignment of error are overruled.
ASSIGNMENT OF ERROR VIII
 The court erred in failing to preserve the videotaped testimony of the magistrate's hearing.
Mr. Witherall avers that the trial court erred by failing to preserve the videotaped testimony of the magistrate's hearing. We disagree.
As noted above, with an improper record before us, we must presume the validity of the trial court's decision. Even without this presumption, Civ.R. 53(E) (3) (b) places the responsibility upon the party who files objections to a magistrate's decision to provide a transcript or an affidavit if the transcript is unavailable. The trial court did not err by failing to assume responsibility for a choice presented to Mr. Witherall under Civ.R. 53(E) (3) (b). Accordingly, Mr. Witherall's eighth assignment of error is overruled.
ASSIGNMENT OF ERROR VII
 The court erred in rendering judgment against [Mr. Witherall] when the documentary evidence introduced indicated that the appropriate party was [Mr. Witherall's] corporation, Witherall's Automotive, Inc.
Although Mr. Witherall's seventh assignment of error refers to documentary evidence that he did adequately preserve in the trial court record, his argument relating to this evidence pertains to information that is not properly before this court. He contends that there was an absence of evidence demonstrating the piercing of a corporate veil. As noted above, we must presume the validity of the trial court's decision in light of an improper record to review Mr. Witherall's allegation of an absence of evidence regarding the piercing of a corporate veil. Mr. Witherall's seventh assignment of error is overruled.
Mr. Witherall's nine assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Elyria Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR